UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DWAYNE BRYAN,

                    Plaintiff,

            -against-

THE CITY OF NEW YORK,
MORGAN JONES, JOHN O'LEARY,
and UC 273,

                   Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff, Dwayne Bryan, by his attorneys, Lumer & Neville, hereby alleges upon information and belief as follows:

### PARTIES, VENUE, and JURISDICTION

1. At all times hereinafter mentioned, plaintiff Dwayne Bryan was an adult male resident of New York County, in the State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including but not limited to, the New York City Police Department ("NYPD"), and its employees.

3. At all relevant times hereinafter mentioned, defendant Morgan Jones (Tax No. 914825) was employed by New York City as a member of the NYPD and assigned to the Narcotic Bureau Manhattan North ("NBMN"). Jones is sued in his individual capacity.

4. At all relevant times hereinafter mentioned, defendant John O'Leary (Shield No. 20973) was employed by New York City as a member of the NYPD and assigned to the NBMN. O'Leary is sued in his individual capacity.

5. At all relevant times hereinafter mentioned, defendant UC # 273 was employed by New York City as a member of the NYPD and assigned to the NBMN as an undercover officer, and as such, the defendant's name and identity is presently unknown to plaintiff. UC # 273 is sued in her individual capacity.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

8. A Notice of Claim was timely served by the plaintiff upon the defendant City of New York.

9. The City of New York subsequently conducted an examination of the plaintiff pursuant to General Municipal Law §50-H.

10. At least thirty days have passed since plaintiff's service of his Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

11. Plaintiff has complied with all obligations, requirements, and conditions precedent to commencing an action against New York City under New York law.

## RELEVANT FACTS

12. During the afternoon of October 11, 2013, plaintiff was lawfully present at his residence at 527 West 157th Street in Manhattan.

13. Plaintiff traveled to his desired floor in the building by elevator, exited the elevator, and headed to his destination.

14. Plaintiff was not engaging in any unlawful conduct, nor was he engaged in any conduct that could reasonably be viewed as unlawful.

15. At that time he encountered an acquaintance in the hallway, at which time he and the acquaintance were ambushed by members of the NYPD, including, or acting on behalf of, the individual defendants.

16. Plaintiff was seized, handcuffed, and thoroughly searched by NYPD officers, both at the scene of the arrest and again in the building lobby.

17. The search of plaintiff's person did not yield any drugs, prerecorded buy money, or any type of contraband or evidence of criminality.

18. Despite the continuing absence of probable cause, plaintiff was nonetheless taken into the defendants' custody.

19. Plaintiff was then placed in a vehicle and eventually transported by the defendants to a local NYPD station house, where plaintiff was detained for a period of time.

20. Plaintiff was then transported by the defendants to New York Central Booking, where the defendants continued to hold him in custody.

21. Plaintiff remained in a holding cell at Central Booking until October

13, 2013, at which time plaintiff was finally arraigned and his criminal prosecution commenced under docket 2013NY078981.

22. While in defendants' custody, defendant Jones, with the help and complicity of the other individual defendants, drafted arrested paperwork in which he falsely claimed that plaintiff had participated in the sale or attempted sale of marijuana to UC 273 by steering her to another person, identified herein as JW, who defendants claimed then sold marijuana to UC 273.

23. Defendant Jones, acting on behalf of the other individual defendants, forwarded these false allegations to the New York County District Attorney's Office ("NYDA") in order to justify plaintiff's arrest and imprisonment and persuade the NYDA to initiate plaintiff's criminal prosecution.

24. These claims were materially false, and the individual defendants knew them to be false at the time they were made.

25. In light of the facts and circumstances known to them at the time, defendants Jones and O'Leary knew that UC 273's claims and allegations were materially false.

26. The individual defendants made these fabricated, false, and otherwise misleading claims and accusations at the time of plaintiff's arrest, and continued to make them continuously throughout the course of the NYDA's investigation and prosecution of plaintiff, or otherwise knowingly refused to retract or correct them.

27. Based on defendants' materially false allegations, the NYDA

commenced plaintiff's criminal prosecution.

28. Throughout the course of the events leading up to the dismissal of criminal charges against plaintiff, the individual defendants knew and understood that their false, fabricated, and otherwise misleading claims and allegations would be used to commence and justify plaintiff's prosecution, with the intention of ultimately bringing about plaintiff's conviction.

29. The individual defendants knew and understood that the NYDA, in evaluating whether to initiate, and then to maintain, a criminal prosecution against the plaintiff, was relying on the truthfulness of defendants' claims and was assuming that all of the defendants' factual statements and allegations were accurate in all material respects.

30. As a result of the individual defendants' false, fabricated, and otherwise misleading allegations, plaintiff was charged and prosecuted for Criminal Sale of Marijuana in the Fourth Degree, a misdemeanor offense under Penal Law § 221.40.

31. The plaintiff's prosecution continued well into September 2015 based entirely the defendants' fabricated and deceptive statements to the NYDA.

32. Plaintiff had not engaged in any unlawful conduct on the day of the arrest, much less the conduct of which he was accused by the individual defendants.

33. The false statements communicated by the individual defendants to the NYDA, prior to and throughout plaintiff's prosecution, were designed to wrongly and falsely implicate plaintiff in criminal conduct and ultimately procure plaintiff's conviction.

34. On September 21, 2015, the Hon. Guy H. Mitchell dismissed all

criminal charges against plaintiff and the prosecution was terminated in plaintiff's favor.

35. Upon information and belief, the defendants also pursued the prosecution of JW for his purported criminal sale of marijuana. It if further believed that all charges against JW were also eventually dismissed.

36. As a direct result of defendants' false and fabricated claims and allegations, plaintiff was incarcerated for a period of time continuing through his arraignment, and was prosecuted continuously for a period of nearly two years.

37. At no time did any of the individual defendants take any steps to intervene in the plaintiff's initial arrest or his subsequent imprisonment and prosecution, nor did any of the individual defendants file any corrective statements or make any effort of any sort to correct the false statements they had memorialized in the arrest report and criminal complaint and subsequently transmitted to the NYDA, or otherwise protect the plaintiff from any further harm caused by defendants' knowing violation of his constitutional rights.

38. At all times relevant herein, the individual defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(42 USC §1983 Claims Against the Individual Defendants
for False Arrest, Malicious Prosecution and Denial of Fair Trial)

39. Plaintiff repeats the above-stated allegations as though stated fully herein.

40. The individual defendants willfully and intentionally seized, arrested, and caused plaintiff to be imprisoned without probable cause, or any reasonable basis to believe probable cause existed, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

41. The individual defendants fabricated and withheld evidence, and misled prosecutors in order to manufacture probable cause for the plaintiff's arrest and subsequent prosecution, or otherwise failed to intercede with the NYDA in order to put a stop to plaintiff's unlawful arrest, confinement, and prosecution caused by their fellow officers' unconstitutional conduct.

42. The individual defendants, individually and collectively, subjected the plaintiff to (i) false arrest and imprisonment, (ii) denial of due process and the right to a fair trial through the fabrication of evidence, and (iii) malicious prosecution, thereby violating, or at least aiding and abetting in the violation of, plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

43. To the extent that any of the individual defendants did not directly engage in this unconstitutional conduct, each and every such defendant was aware of such conduct by his fellow officers, and yet consciously failed to make any effort to intervene or otherwise put a stop to the aforementioned misconduct and violation of plaintiff's constitutional rights, despite ample time and opportunity to do so, by remaining silent or otherwise deliberately choosing not to take any meaningful steps to correct his or her fellow officers' misconduct.

44. By reason thereof, the individual defendants have violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, imprisonment and the deprivation of liberty, as well as the loss of his constitutional rights.

### SECOND CAUSE OF ACTION

(State Law Claim Against All Defendants
for Malicious Prosecution, and Denial of Fair Trial)

45. Plaintiff repeats the above-stated allegations as though stated fully herein.

46. Plaintiff was subjected to false arrest and false imprisonment when he was intentionally, willfully, maliciously, and/or with reckless disregard, seized, searched, and arrested without probable cause by members of the NYPD, either including or acting on behalf of the individual defendants.

47. Plaintiff was subjected to malicious prosecution and the denial of due process and his right to a fair trial when he was wrongly prosecuted without probable cause on the basis of evidence and testimony fabricated by the individual defendants.

48. The municipal defendant, the City of New York, is vicariously liable to plaintiff for the acts of the individual defendants who were at all relevant times acting within the scope of their employment as subordinate officers and agents of the municipal defendant.

49. Therefore, the individual defendants are liable to plaintiff under state law, for (i) false arrest and imprisonment, (ii) malicious prosecution, and (iii) denial of due

process and the right to a fair trial; as is the municipal defendant under the principle of respondeat superior.

50. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, imprisonment and the deprivation of liberty, as well as the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

WHEREFORE, plaintiff demands judgment against defendants jointly and severally as follows:

    i.    Actual and punitive damages against each of the individual defendants in an amount to be determined at trial;

    ii.    Actual damages against the municipal defendant in an amount to be determined at trial;

    iii.    Statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iv.    Such other relief as the Court deems just and proper.

Dated:  New York, New York
        May 28, 2016

                LUMER & NEVILLE
                Attorneys for Plaintiff

By:    _____

                Michael B. Lumer, Esq.
                LUMER & NEVILLE
                Attorneys for Plaintiff
                225 Broadway, Suite 2700
                New York, New York 10007
                (212) 566-5060